IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENVUE TELEMATICS, LLC, | § |
| *Plaintiff,* | § |
| v. | § CIVIL ACTION NO. 2:22-cv-0321-JRG-RSP |
| DANIEL SHIVE, | § |
| *Defendant.* | § |

## REPORT AND RECOMMENDATION

Before the Court, defendant Daniel Shive moves to dismiss for want of subject matter jurisdiction. **Dkt. No. 7**. Having considered the motion, it should be **DENIED**.

Shive argues that plaintiff EnVue Telematics, LLC has failed to plead facts sufficient to show that the amount in controversy exceeds the $75,000 necessary to establish diversity jurisdiction. *Id.* p 1. Pursuant to 28 U.S.C. § 1332(a)(1), subject matter jurisdiction exists if the parties are citizens of different states (complete diversity) and the amount in controversy exceeds $75,000, exclusive of interest and costs. To assess the amount in controversy, the Court must first determine whether it is "facially apparent" that Plaintiff's claims exceed the jurisdictional minimum. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount claimed by the plaintiff controls "if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253.

Pursuant to the complaint filed as a declaratory judgment action, EnVue alleges that the amount in controversy exceeds $75,000 because Shive is claiming some right to intellectual property owned by EnVue. While it may be difficult to assess the value of intellectual property, there is no reason for this Court to question EnVue's good faith on this particular issue, *Greenberg*,

1

134 F.3d at 1253. Moreover, the Court cannot say that it is apparent to a legal certainty that the EnVue cannot recover the jurisdictional amount. *Saint Paul Mercury Indem.Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  Accordingly, it is **RECOMMENDED** that the motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and  recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 17th day of March, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE